GEORGE FORBES & al. *versus* GEORGE E. WOODERSON.

Where one was constituted an agent for the purchase and sale of goods in the name of the principal, a recital, in the power of attorney, that the principal "is about to leave upon a voyage to sea," does not limit the duration of the agency to the time when the voyage was completed.

ON REPORT. ASSUMPSIT for goods purchased by John Wooderson as the agent and attorney of the defendant, who denys that the said John was authorized so to purchase.

The plaintiffs offered in evidence, a writing dated October 22, 1855, signed by the defendant, which is as follows : —

"Know all men by these presents, that I, George E. Wooderson, am about leaving Bangor upon a voyage at sea, and do hereby make John Wooderson, of said Bangor, my agent and attorney, with power to substitute any other agents and attorneys, in my name and stead, to transact for me any and all business of every name and nature as fully as I could do myself, including the transfer of any property, the prosecution of any suits, and the settlement of any claims or demands whatever, and the purchase and sale of any personal property whatever."

' The plaintiffs offered evidence, tending to prove, that, before October 22, 1855, John Wooderson had become insolvent; held no property, nor traded in his own name, but did so, more or less, in the name of the defendant; that some arrangement was made between him and the defendant, that he should carry on the hardware business in Bangor, buying and selling in the name of the defendant. That defendant was a shipmaster, and when about to go on a voyage, procured the paper to be prepared, for his signature, that said John might have it as evidence of his authority to use his name.

That the defendant had recently said, on different occasions, that he had no defence to the suit.

That the bills for. goods sold at the store were made out in the name of the defendant; and that he personally left them with an attorney for collection.

*Hilliard & Flagg*, for the plaintiffs.

*Blake & Garnsey*, for the defendant.

The opinion of the Court was drawn up by

APPLETON, J.—John Wooderson, as the agent of the defendant, purchased the goods, to recover payment for which this action is brought.

The questions presented are, whether the agent had authority to bind his principal in the purchases thus made by him, and, if not, whether his purchases, though unauthorized, have been affirmed and ratified.

The agent was authorized by his principal "to transact any and all business of every name and nature, including the transfer of any property, the prosecution of any suits, and the settlement of any claims or demands whatever, and *the purchase and sale of any personal property whatever.*" The authority thereby conferred in express terms authorized the purchase of the goods in suit.

But it is urged that the recital in the power of attorney, that the defendant is "about leaving Bangor upon a voyage at sea," limits the duration of the agency, and that, as the defendant had returned from that voyage before the purchases were made, he ceased to be liable for the acts of his agent. But we do not so regard it. The voyage may have been an inducement leading to the appointment of an agent, but it is no limitation upon the duration of the authority conferred. The time during which the agency was to continue is unlimited, and the authority granted has not been revoked. The purchases made were within the unquestioned powers of the agent.

But, if it were otherwise, the evidence adduced clearly shows that the defendant, in repeated instances, ratified the acts of his agent, with a full knowledge of what he had done, and consequently is bound thereby.

*Defendant defaulted.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.